W. A. Berdine and Joy Berdine v. Commissioner.
W. Berdine v. Commissioner
Docket No. 39758.
United States Tax Court
1953 Tax Ct. Memo LEXIS 322; 12 T.C.M. (CCH) 324; T.C.M. (RIA) 53098; March 27, 1953
*322 Reuben G. Clark, Jr., Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion The Commissioner determined the following deficiency in income tax and additions for penalties under sections 293 (b) and 294 (d) (2) of the Code: Penalties
Tax
Section
Section
Year
Deficiency
293(b)
294(d)(2)
1948
$1,288.60
$644.30
$56.83
Findings of Fact The petitioner and his wife, Joy, are residents of Parkersburg, West Virginia. The notice of deficiency in income tax and additions for 1948 was mailed by the Commissioner on January 8, 1952. The petitioner and his wife filed a joint income tax return for the year 1948 with the collector for the district of West Virginia. It disclosed net income of $3,376.75 and income tax thereon of $62.54. It was false and fraudulent with intent to evade tax and did not state the true amount of income received. For the year 1948 the petitioners herein, in fact, derived net income of $10,549.27, and incurred income tax liability of $1,351.14. The petitioners knew that the income was received, but nevertheless the understatement of net income and income tax liability in the joint return *323 filed by the petitioners for 1948 was deliberately and purposely made by the petitioners with the intent to evade tax and to defraud the Government of lawfully due revenue for 1948. The petitioners herein, with fraudulent intent and purpose, failed to keep adequate books and records from which their net income could be determined for the calendar year 1948, and in the absence of such records the respondent was forced to resort to a computation of net income based on increases in net worth. A part of the deficiency for the calendar year 1948 was due to fraud with intent to evade tax. The petitioners failed to make a declaration of 80 per cent of the estimated tax due for 1948. Opinion HARRON, Judge: There was no appearance for the petitioners when this case came on for hearing. No evidence was presented upon behalf of the petitioners. The Commissioner moved for judgment as to the deficiency in income tax for the calendar year 1948, and for the 6 per cent addition for failure to make a declaration of 80 per cent of the estimated tax due for 1948, (Section 294 (d) (2)), for failure of the petitioners to present any evidence. That motion was granted. The Commissioner also *324 moved for judgment on the pleadings on the fraud issue as to which he had the burden of proof. Allegations in the answer, deemed admitted under the Rules of this Court, Rules 15 and 18, for failure of the petitioners to reply after due notice, support the Commissioner's burden on the fraud issue. Decision will be entered for the respondent.